UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABRAHAM RON FRAENKEL, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Civil Action No. 15-1080 (RMC) <br> ) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**MEMORANDUM OPINION ON REMAND**

Abraham and Rachelle Fraenkel lost their son, Naftali, when Hamas terrorists kidnapped and murdered him and two other young men. The Fraenkels and their remaining six children sued the Syrian Arab Republic, the Islamic Republic of Iran, and the Iranian Ministry of Information and Security (MOIS), as supporters of Hamas, under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 *et seq.* (2012). On default judgment, the Court found in the Fraenkels' favor and awarded money damages. The Fraenkels moved to reconsider the damages because they were "insufficient to provide them fair compensation," specifically because the amount awarded was less than the "gold standard" for FSIA awards as set in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). The Court denied the Fraenkels' motion for reconsideration and they appealed.

The Court of Appeals for the District of Columbia Circuit affirmed this Court's awards for Naftali's pain and suffering and for punitive damages but reversed and remanded the award of solatium damages to the family members, with directions to consider the factors for solatium damages discussed in *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 30-32 (D.D.C. 1998). Having considered the *Flatow* factors, the Court awards the following solatium damages:

1

> Rachelle Fraenkel - $2,000,000
>
> Abraham Fraenkel - $2,000,000
>
> Tzvi Amitay Fraenkel - $750,000
>
> Ayala Chaya Hinda Fraenkel - $750,000
>
> A.L. Fraenkel - $750,000
>
> N.E. Fraenkel - $750,000
>
> N.S. Fraenkel - $750,000
>
> S.R. Fraenkel - $750,000

## I. BACKGROUND

The facts of this case have been discussed at length in this Court's Memorandum Opinion on the motion for default judgment, *Fraenkel v. Islamic Republic of Iran*, 248 F. Supp. 3d 21 (D.D.C. 2017) (*Fraenkel I*), Memorandum Opinion on the motion for reconsideration, *Fraenkel v. Islamic Republic of Iran*, 258 F. Supp. 3d 77 (D.D.C. 2017) (*Fraenkel II*), and the Circuit's opinion on appeal. *Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348 (D.C. Cir. 2018) (*Fraenkel III*). Therefore, the facts will only be briefly recounted. Naftali Fraenkel and two other young men were kidnapped and murdered on June 12, 2014 by members of Hamas. Their bodies were buried on private land and were not discovered for 18 days. The search for the boys garnered the attention of the entire state of Israel. The final burials of all three murdered young men were effectively state funerals.

Rachelle Frankel and her children are citizens of the United States as well as citizens of Israel. The entire Fraenkel family sued Iran, Syria, and MOIS on July 9, 2015, advancing claims for liability and damages under the FSIA and, for Abraham Fraenkel who is not a U.S. citizen, damages under Israeli law. *See* Compl. [Dkt. 1]. The Court held a two-day

hearing on the Fraenkels' Motion for Default Judgment on December 6-7, 2016 and Plaintiffs submitted proposed findings of fact and law. *See* Proposed Findings [Dkt. 36]. On March 31, 2017, the Court issued its Memorandum Opinion and Order, finding in favor of the Fraenkels and awarding the following damages:

> Pain and Suffering to the Estate of Naftali Fraenkel – $1,000,000
>
> Solatium to U.S. Citizen Plaintiffs – $3,100,000
>
> Solatium to Abraham Fraenkel – $1,000,000
>
> Punitive Damages to the Estate of Naftali Fraenkel – $50,000,000

*See* Final Order [Dkt. 40].

The Fraenkels moved to reopen the case and schedule a conference on the same day the Court's Final Order issued, *see* Mot. for Conference [Dkt. 41], which the Court denied. 4/3/2017 Minute Order. The Fraenkels moved to reconsider the damages award on April 27, 2017, Mot. to Amend [Dkt. 44], which the Court denied. *See Fraenkel II*, 258 F. Supp. 3d 77. The Court did clarify its damages award and listed the specific amount of solatium damages awarded to each of the U.S. citizen plaintiffs. *See id*. at 85.

The Fraenkels appealed and the D.C. Circuit affirmed in part, reversed in part, and remanded to reconsider the solatium damages applying the *Flatow* factors and without considering the nationality of the victims or "assumption of risk." *Fraenkel III*, 892 F.3d at 357-61. The Mandate issued on June 29, 2018, *see* Mandate [Dkt. 50], and the Fraenkels submitted a supplemental memorandum, including supplemental declarations from psychiatrist Dr. Rael Strous and each of the family members except A.L. and S.R. *See* Supp. Mem. [Dkt. 51]. The Court has reviewed and considered the entire record.

## II. *FLATOW* FACTORS

*Flatow* was the first FSIA case decided against Iran. It provides a detailed analysis of factors that bear on solatium damages, which are intended to compensate for the personal injury to others resulting from the loss of a decedent's society and their anguish. *Flatow*, 999 F. Supp. at 30.

> It is entirely possible to come to terms with the fact of death, and yet be unable to resolve the sense of anguish regarding the circumstances of death. This is particularly true where the death was sudden and violent. How the claimant learned of decedent's death, and whether there was an opportunity to say good-bye or view the body can be a significant factor contributing to the claimant's anguish. . . .
>
> The calculations for mental anguish and loss of society share some common considerations. First, the calculation should be based upon the anticipated duration of the injury. Claims for mental anguish belong to the claimants and should reflect anticipated persistence of mental anguish in excess of that which would have been experienced following decedent's natural death. . . .
>
> The nature of the relationship between the claimant and the decedent is another critical factor in the solatium analysis. If the relationship is strong and close, the likelihood that the claimant will suffer mental anguish and loss of society is substantially increased, particularly for intangibles such as companionship, love, affection, protection, and guidance. Numerous factors enter into this analysis, including: strong emotional ties between the claimant and the decedent; decedent's position in the family birth order relative to the claimant; the relative maturity or immaturity of the claimants; whether decedent habitually provided advice and solace to claimants; whether the claimant shared interests and pursuits with decedent; as well as decedent's achievements and plans for the future which would have affected claimants.
>
> Finally, unlike lost wages, which can be calculated with a fair degree of mathematical certainty, solatium cannot be defined through models and variables. . . . This is the paradox of solatium; although no amount of money can alleviate the emotional impact of a child's or sibling's death, dollars are the only means available to do so.

*Id*. at 30-32. Other courts have distilled the analysis in *Flatow* down to five factors to consider when awarding solatium damages.

> In calculating damages for loss of solatium in the case of a deceased family member, this district court has considered a variety of factors to include: (1) whether the decedent's death was sudden and unexpected; (2) whether the death was attributable to negligence or malice; (3) whether the claimants have sought medical treatment for depression and related disorders resulting from the decedent's death; (4) the nature (i.e., closeness) of the relationship between the claimant and the decedent; and (5) the duration of the claimants' mental anguish in excess of that which would have been experienced following the decedent's natural death.

*Stethem v. Islamic Republic of Iran*, 201 F. Supp. 2d 78, 89-90 (D.D.C. 2002) (citing *Flatow*, 999 F. Supp. at 30-31).

### III. ANALYSIS

Naftali Fraenkel was sixteen years old when he was kidnapped and shot to death by Hamas. *Fraenkel I*, 248 F. Supp. 3d at 27-28. He was a healthy and intelligent young man who had just finished high school exams and was on his way home. *Id*. at 27. He was discovered missing the next morning but his death was confirmed only after 18 days of searching. During that period, Abraham and Rachelle Fraenkel listened to an audio recording of a telephone call made by one of the murdered boys where shots could be heard and at least one individual moaned in pain. *Id*. at 28, 42. Because his body was not found for 18 days, it was not in a state to be viewed by his family and friends. Abraham, Rachelle, and their eldest son, Tzvi, spent only a few moments alone with Naftali's shrouded casket before the funeral. *Id*. at 42; *see also* Ex. 11, Declaration of Plaintiff Rachelle Fraenkel (R. Fraenkel Decl.) ¶¶ 60-61. Naftali's death was sudden, senseless, and tragic, all factors which weigh in favor of an award of solatium damages.

The Hamas terrorists who claimed responsibility for Naftali's death after his body was recovered were motivated by a desire to conduct acts of terror to promote the elimination of Israel. *Fraenkel I*, 248 F. Supp. 3d at 28. These motives weigh in favor of solatium damages.

As is evident from the supplemented record, grief continues to envelope the entire family. Each member of the Fraenkel family, except S.R., testified at the default judgment hearing and described how they felt when they learned of Naftali's death and how his death has continued to affect their lives. *See* T-1-10-23 (testimony of Rachelle Fraenkel); T-1-44-50 (testimony of Tzvi Fraenkel); T-1-60-61, 64-65 (testimony of Ayala Fraenkel); T-1-72-74, 78 (testimony of A.L. Fraenkel); T-1-79-81, 83 (testimony of N.E. Fraenkel); T-1-85-86, 89 (testimony of N.S. Fraenkel); T-1-90-97, 100-02, 110-11 (testimony of Abraham Fraenkel).[1]

Additionally, Abraham, Rachelle, Tzvi, and Ayala Fraenkel underwent psychiatric evaluations by Dr. Rael Strous, who submitted reports to the Court and testified as an expert concerning the persistent mental anguish suffered by each evaluated family member. *See* Ex. 15, Psychiatric Evaluation of Rachelle Devora Fraenkel at 9; Ex. 16, Psychiatric Evaluation of Abraham Fraenkel at 8; Ex. 17, Psychiatric Evaluation of Tzvi Fraenkel at 7; Ex. 18, Psychiatric Evaluation of Ayala Fraenkel at 8; T-2-37-47, 49-81. Dr. Strous also interviewed Abraham Fraenkel and prepared a report on his psychiatric impressions of the four youngest Fraenkel children based on the information provided during that interview. *See* Ex. 19, May 20, 2016 Report of Dr. Rael Strous. Dr. Strous found that A.L., N.E., and N.S. Fraenkel "appeared to exhibit some form of Unspecified Anxiety Disorder" and N.E. and N.S. might also suffer from elements of complicated grief. *See id*. at 6. Dr. Rael Strous has spoken with most members of

---

[1] The hearing transcript is set forth in two volumes, one for each day of the hearing. Citations to the transcript are identified as "T-volume #-page," *i.e.*, transcript volume and page range.

the family in preparation for this reconsideration of solatium damages and Plaintiffs submit his supplemental declaration. *See* Ex. 1, Supp. Mem., 2018 Declaration of Dr. Rael Strous (Dr. Strous Supp. Decl.) [Dkt. 51-1] ¶ 10. Since those initial evaluations, Abraham, Rachelle, Tzvi, Ayala, N.S., N.E., A.L., and S.R. Fraenkel have received additional treatment. *See* R. Fraenkel Decl. ¶¶ 74, 80; Ex. 12, Declaration of Plaintiff Abraham Ron Fraenkel ¶¶ 38, 47.

When he reevaluated each member of the Fraenkel family in June 2018, Dr. Strous interviewed the three youngest children for the first time. *See* Dr. Strous Supp. Decl. In his supplemental declaration, Dr. Strous has briefly summarized the continued grief suffered by each member of the Fraenkel family and noted their continued involvement in either therapy or other support groups. *See id.* ¶¶ 8-23.

Each of the Fraenkel family, save one, describes how Naftali's death continues to affect their daily lives. *See* Supp. Mem., Exs. 2-7, Fraenkel Declarations [Dkts. 51-2 to 51-7]. Abraham Fraenkel describes the impact of Naftali's death on the entire family, saying that he is a missing piece of the Fraenkel family puzzle. Ex. 2, Supp. Mem., Supp. Decl. of Pl. Abraham Ron Fraenkel [Dkt. 51-2] ¶ 8. The Court need not detail these statements here but has read and considered all of them and finds that the initial and ongoing suffering of the Fraenkels, and their need for continued treatment to deal with the loss of Naftali, also weigh in favor of an award of solatium damages.

Finally, the Court assesses the nature, or closeness, of the Fraenkel family and finds, as it did in its original opinion, that the family is very close, which further supports an award of solatium damages. *Fraenkel I*, 248 F. Supp. 3d at 41 ("The Fraenkel family is obviously very close. Each member testified in detail about Naftali's role in the family (second oldest and second son) and what he meant in their lives specifically. The testimony provided a

7

picture of a loving family, wherein Naftali played a central role in their spiritual and personal lives. Multiple family members testified about Naftali's musical ability and how it enriched their celebrations on the Sabbath and other holy days. Without question, the lives of each member of the family will be forever altered because Naftali is not with them.").

"Solatium damages, by their nature, are unquantifiable." *Braun v. Iran*, 228 F. Supp. 3d 64, 85 (D.D.C. 2017). This Court has previously declined to adopt *Heiser* and continues that respectful declination. *See Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 75 (D.D.C. 2008). The two decedents in *Gates* were slowly beheaded with a handheld knife by an adherent to al-Qaeda in Iraq and each beheading was videotaped and widely displayed on the Internet as a "propaganda act of terrorism" to the world. *Id.* at 72. This Court awarded $3,000,000 in solatium damages to each spouse, parent, and child, and $1,500,000 to each sibling. Counsel for the family members here argue that the Fraenkels should receive solatium compensation at the amounts of, or higher than, the awards in *Gates*. They argue that "in 66 [FSIA] judgments written by 15 different judges [on the D.C. District Court] over 20 years, the median solatium award given to parents is $5 million and the median solatium award given to siblings is $2.5 million." Supp. Mem. at 35. Counsel emphasize a colleague's opinion that the "*primary* consideration is to ensure that individuals with similar injuries receive similar rewards." *Id.* at 34 (quoting *Stansell v. Cuba*, 217 F. Supp. 3d 320, 345 (D.D.C. 2016) (Mehta, J.) (citing *Moradi v. Islamic Republic of Iran*, 77 F. Supp. 3d 57, 72 (D.D.C. 2015) (Huvelle, J.))). These opinions represent the judgments of colleagues that *Heiser* offers a useful calculus

which each adopts in FSIA cases. The Court appreciates the advocacy of counsel but again declines to adopt *Heiser*.[2]

As they request, the Court contrasts the Fraenkels' claims to those of the plaintiffs in *Gates* and concludes that the public nature of the horrific beheadings in *Gates* and the resulting trauma to the decedents' families from seeing, in graphic detail, the heartless nature of those killings and their decedent's pain and suffering, called for a high award of solatium damages. Without doubt, the Fraenkel family has suffered substantial and ongoing grief that has affected the entire family unit, including the very youngest child who was so young at the time of Naftali's murder that his parents spared him all discussion of it. The Court intends no disrespect to the family by saying that Naftali's death did not have the particularly painful aspects of the *Gates* killings. Solatium damages are damages for "injury to feelings" that result "from the fact of decedent's death" and, as described in *Flatow*, the Court should consider how the family learned of the decedent's death. *Flatow*, 999 F. Supp. at 30. The fact that the plaintiffs in *Gates* witnessed the video of the horrific beheadings of their loved ones is an additional "fact" of those decedents' deaths that weighed in favor of a greater award than in this case.

Considering the entire record and the individual supplemental declarations from most of the Fraenkel family, the Court finds that the *Flatow* factors favor an increase in their damages for loss of solatium. The Court notes that siblings of victims generally receive less than

---

[2] Interestingly, in distinguishing *Gates*, the Fraenkels cite the circumstances of those decedents' situation that arguably made them susceptible to terrorist attack although they rejected this Court's similar approach in its initial opinion here. Supp. Mem. at 37 (arguing that decedents were "adult employees of a civilian contractor operating in Iraq in September 2004, just after four civilian contractors working for Blackwater USA in Iraq were killed and their bodies were burned on camera. They were knowingly working adjacent to an active war zone—a dangerous environment to say the least!—and had been correspondingly well paid. . . . Their kidnapping and beheading was certainly not expected by anyone, but it cannot be said that the *Gates* plaintiffs were without warning.").

9

spouses or parents and the Court should consider "the relative maturity or immaturity of the claimants" when fashioning a solatium award. *Flatow*, 999 F. Supp. at 32. The Court will award $2,000,000 in damages for loss of solatium to Abraham Fraenkel and Rachelle Fraenkel, and $750,000 in such damages to Tzvi Fraenkel, Ayala Fraenkel, A.L. Fraenkel, N.E. Fraenkel, N.S. Fraenkel, and S.R. Fraenkel.

## IV. CONCLUSION

Drained of any impermissible considerations and focusing only on the *Flatow* factors and the Circuit's remand in light of the entire record, the Court concludes that the members of the Fraenkel family should receive higher awards than previously granted for loss of solatium. Therefore, the Court awards the following solatium damages:

Rachelle Fraenkel - $2,000,000

Abraham Fraenkel - $2,000,000

Tzvi Amitay Fraenkel - $750,000

Ayala Chaya Hinda Fraenkel - $750,000

A.L. Fraenkel - $750,000

N.E. Fraenkel - $750,000

N.S. Fraenkel - $750,000

S.R. Fraenkel - $750,000

Date: July 13, 2018

/s/
ROSEMARY M. COLLYER
United States District Judge