UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RACHEL DEVORA SPRECHER FRAENKEL, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | Civil Action No. 15-1080 (RMC) ) ) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION ON RECONSIDERATION**

The Fraenkel Family sued the Syrian Arab Republic, Islamic Republic of Iran, and Iranian Ministry of Information and Security (MOIS), as supporters of Hamas, for the murder by Hamas of 16-year-old Naftali Fraenkel, son and brother. The Court ruled for the Fraenkels and awarded money damages. The Fraenkels appealed the sufficiency and reasoning behind the damages awards and the D.C. Circuit affirmed in part, reversed in part, and remanded for this Court to reconsider solatium damages. This Court has reconsidered and increased the awards for solatium damages. The Fraenkel Family now asks again for reconsideration, seeking a further increase in their damages. The Court will deny the motion.

**I. BACKGROUND**

The Court provided an in-depth description of the facts in its Memorandum Opinion on the original motion for default judgment and will not repeat it here. *See Fraenkel v. Islamic Rep. of Iran*, 248 F. Supp. 3d 21 (D.D.C. 2017) (*Fraenkel I*). In short, the Fraenkels sued Iran, Syria, and MOIS on July 9, 2015 after Naftali's murder; the Court held a two-day hearing on the their Motion for Default Judgment on December 6-7, 2016; and, after briefing, on March 31, 2017, the Court issued its Memorandum Opinion and Order, finding in favor of the

1

Fraenkels and awarding $1 million in pain and suffering damages to Naftali's estate; $3.1 million in solatium damages to the U.S.-citizen plaintiffs; $1 million in solatium damages to Abraham Fraenkel, a citizen of Israel; and $50 million in punitive damages. *See* Final Order [Dkt. 40].

The Fraenkels moved to reopen the case on the same day the Court's Final Order issued; the Court denied that motion. *See* 4/3/2017 Minute Order. The Fraenkels then moved to reconsider the damages award; the Court also denied that motion. *See Fraenkel v. Islamic Rep. of Iran*, 258 F. Supp. 3d 77 (D.D.C. 2017) (*Fraenkel II*). *Fraenkel II* clarified the award by identifying the specific amounts in solatium damages awarded to each of the U.S.-citizen family members. *See id*. at 85.

When the Fraenkels appealed, the U.S. Court of Appeals for the District of Columbia Circuit affirmed in part, reversed in part, and remanded to reconsider the solatium damages. The Circuit ordered this Court to determine such damages by applying the relevant factors articulated in *Flatow v. Islamic Rep. of Iran*, 999 F. Supp. 1, 30-32 (D.D.C. 1998), and without considering nationality or "assumption of risk." *Fraenkel v. Islamic Rep. of Iran*, 892 F.3d 348, 357-61 (D.C. Cir. 2018) (*Fraenkel III*). On remand, the Fraenkels submitted supplemental information. *See* Supp. Mem. [Dkt. 51]. The Court issued its Memorandum Opinion on remand on July 13, 2018, awarding the following solatium damages:

Rachelle Fraenkel - $2,000,000

Abraham Fraenkel - $2,000,000

Tzvi Amitay Fraenkel - $750,000

Ayala Chaya Hinda Fraenkel - $750,000

A.L. Fraenkel - $750,000

N.E. Fraenkel - $750,000

N.S. Fraenkel - $750,000

S.R. Fraenkel - $750,000

*Fraenkel v. Islamic Rep. of Iran*, No. 15-1080, 2018 WL 3418783, at *1 (D.D.C. July 13, 2018) (*Fraenkel IV*). The Fraenkels timely filed the instant motion ten days later, on July 23, 2018; they ask the Court to reconsider its awards under Rules 59(e) and 60(b)(4). Pls.' Mot. to Amend or Alter the J. and for Recons. of the Amount of Solatium Damages Awarded (Mot. to Recons.) [Dkt. 54]. Defendants have never appeared in this case. The motion is ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment within 28 days of the entry of judgment. "Motions filed under Rule 59(e) are generally disfavored, and are granted only when the moving party establishes that extraordinary circumstances justify relief." *Moses v. Dodaro*, 856 F. Supp. 2d 99, 102 (D.D.C. 2012) (citing *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)). Motions for reconsideration under Rule 59(e) are "discretionary and need not be granted unless the court finds that there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Nanko Shipping, USA v. Alcoa, Inc.*, 118 F. Supp. 3d 372, 375 (D.D.C. 2015) (quoting *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006)). To constitute clear error, a final judgment "must be 'dead wrong.'" *Id.* (quoting *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)).

"Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Wright & Miller, Fed. Prac. and Proc. § 2810.1 (2d ed. 1995)); *see also Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F.

Supp. 2d 5, 10 (D.D.C. 2011) ("In this Circuit, it is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.") (internal citations omitted).

Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Comput. Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

"As the Supreme Court made clear in *United Student Aid Funds, Inc. v. Espinosa*, relief under Rule 60(b)(4) is available 'only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process.'" *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 847 (D.C. Cir. 2016) (quoting 559 U.S. 260, 271 (2010)); *see also Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987) ("Relief under Rule 60(b)(4) is not available merely because a disposition is erroneous. Rather, before a judgment may be deemed void within the meaning of the rule, it must be determined that the rendering court was powerless to enter it.") (internal citations omitted).

4

### III. ANALYSIS

The Fraenkels argue that the Court should reconsider its damages awards to them because the awards are "inconsistent with the mandate of the court of appeals and with the awards received by many other similarly situated victims of terrorism," violate the mandate rule, and "work[] manifest injustice on the plaintiffs." Mot. to Recons. at 2.

Plaintiffs' Motion for Reconsideration raises the following issues with this Court's Memorandum Opinion: (1) the Court erred in failing to use the *Flatow* factors to compute the amount of awards for loss of solatium, not merely eligibility to receive an award; (2) FSIA awards for loss of solatium must be based on the amounts awarded in *Flatow*, which was "adopted" by the D.C. Circuit "as the benchmark against which future solatium awards must be judged," *id*. at 7; (3) this Court failed to consider similar awards in comparable cases; (4) the Court erred when it compared this case to *Gates v. Syrian Arab Rep.*, 580 F. Supp. 2d 53 (D.D.C. 2008); and (5) the Court should have awarded at least the same amounts in solatium damages as it awarded in *Gates*. None of these arguments provides new information or argument or justifies the extraordinary relief that is provided by Rules 59(e) and 60(b)(4).

Rule 59(e) may not be used to relitigate old matters or to raise arguments that could have been raised at an earlier point. *See Exxon Shipping*, 554 U.S. at 485 n.5. When the Fraenkels initially sought damages awards for loss of solatium, they argued that the Court was bound to follow *Estate of Heiser v. Islamic Rep. of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), as have a number of jurists on this Bench. *See* Proposed Findings of Fact and Conclusions of Law [Dkt. 36] at 71; Pls.' First Mot. to Amend [Dkt. 44] at 2 (arguing that the Court erred in not following *Heiser*, "a case which has become the gold standard on the calculation of damages awards in FSIA cases"). This Court declined to do so and the Fraenkels were unable to persuade

the D.C. Circuit to enter such an order. *See Fraenkel II*, 258 F. Supp. 3d at 82 (declining to adopt *Heiser*); *Fraenkel III*, 892 F.3d at 361-62 ("We decline to impose *Heiser*'s framework as a mandatory scheme under the FSIA."). Framed now as a mandate to follow *Flatow*, "however loosely," Mot. to Recons. at 7, the Fraenkels continue to urge the Court to adopt the analyses of other jurists and award significantly greater amounts in solatium damages for parents and siblings, *i.e.*, a median of $5 million to parents and $2.5 million to siblings. *Id*. at 8-12 ("The interests of justice require that this Court consider awards in comparable cases in determining the award here."). It would certainly be easier simply to follow *Heiser* but the Court believes that difficult cases like this one require difficult and particular analyses of their facts and injuries.

In its Memorandum Opinion on Remand, the Court evaluated the factors cited in *Flatow* that apply here, all of the Fraenkels' supplemental materials, and the cases they cited. While the Court respects that many of the other district judges in the District of Columbia have either followed *Heiser* or independently awarded solatium damages in approximately similar amounts, this Court declines to do so.

The closest analogous case previously decided by this Court is *Gates*. Not surprisingly, in their brief on remand, the Fraenkels discussed *Gates* at length and compared the circumstances behind the award to the Gates family members to the circumstances in this case. Pls.' Supp. Mem. and Status Update in Supp. of Their Mot. for Default J. [Dkt. 51] at 36-37. The Court's discussion of *Gates* on remand was therefore prompted by the Fraenkels' own arguments and did not disregard *Flatow* or rely solely on *Gates* in reaching its revised damages award.

As to the Circuit's mandate, that document says merely, "[i]n accordance with the judgment of June 8, 2016, and pursuant to Federal Rule of Appellate Procedure 41, this

6

constitutes the formal mandate of this court." Mandate [Dkt. 50]. Accompanying the mandate was the Circuit's Judgment, which said:

> **ORDERED** and **ADJUDGED** that the District Court's judgment as to pain-and-suffering and punitive damages awards be affirmed; the judgment on solatium damages awards be reversed; and the case be remanded for further proceedings, in accordance with the opinion of the court filed herein this date.

Judgment [Dkt. 50-1]. Neither of these Orders, nor the Circuit's Opinion, mandated particular awards to the members of the Fraenkel Family; *i.e.*, the argument that this Court violated the "mandate rule" on remand is a mirage.

The instant Motion to Reconsider also alleges "manifest injustice" if the Fraenkels receive lesser amounts in solatium damages than those awarded to other victims' families in FSIA cases. Plaintiffs rely especially on the United States Victims of State Sponsored Terrorism Act, Pub. L. No. 114-113, 129 Stat. 3007, 3007-17 (2015) (codified at 34 U.S.C. § 20144) (originally codified at 42 U.S.C. § 10609), because FSIA plaintiffs may only recover a percentage of their ultimate awards from a fund set up by the United States government for that purpose, due to the fact that no defendant has assets in this country. The argument undercuts the significance of manifest injustice by turning it into a dollar-and-cents comparison. Rather, a finding of "manifest injustice" requires "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Mohammadi v. Islamic Rep. of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015); *see also Qwest Servs. Corp. v. FCC*, 509 F.3d 531, 540 (D.C. Cir. 2007) (interpreting manifest injustice as something that would "upset settled expectations—expectations on which a party might reasonably place reliance"). A difference among district court judges does not create manifest injustice: as *Fraenkel III* made clear, even now there is no law or precedent governing the

amounts of damages that should be awarded to FSIA plaintiffs, as each district court judge exercises discretion in evaluating each record. *See* 892 F.3d at 361-62. Similar awards from different judges did not establish a standard upon which these or other plaintiffs could reasonably have relied because no decision was binding and the analyses varied. In fact, the Circuit rejected the Fraenkels' very argument on this point. *See id.* The motion to reconsider fails to meet the exacting standard of Rule 59(e), offers no new facts or change in the law that supports altering the judgment, and fails to demonstrate that without amendment the damages awards will result in manifest injustice.

Rule 60(b)(4) also provides for review of an opinion or order in limited circumstances. Under Rule 60, the Fraenkels argue that this Court's decision on remand is "void" because it violates the mandate from the Circuit directing this Court to reconsider the solatium damages awards, taking the *Flatow* factors into account and without considering impermissible factors. According to the logic of this argument, the Circuit opinion constituted a "mandate"; that "mandate" required solatium damages to the Fraenkels that are comparable to those awarded in *Flatow*; the failure to do so violated the "mandate"; and the awards on remand are, therefore, void. This Court disagrees. As noted above, the Circuit declined to require this Court to award particular damages awards; to the contrary, it specified that "the trial judge has discretion in determining solatium damages." *Fraenkel III*, 892 F.3d at 361. The Court has complied with the Circuit's opinion and will, therefore, deny the motion to reconsider.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' Motion to Amend or Alter the Judgment and for Reconsideration of the Amount of Solatium Damages Awarded, Dkt. 54.  A memorializing order accompanies this Memorandum Opinion.

Date: July 30, 2018                                    /s/
ROSEMARY M. COLLYER
United States District Judge